IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| THERISA MERALES, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL ACTION FILE NO: |
| ) | _____ |
| WAL-MART STORES EAST, LP; ) | |
| ABC CORPS #1-3; ) | JURY TRIAL DEMANDED |
| JOHN DOES #103, ) | |
| ) | |
| Defendant. | |

**COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff Therisa Merales, and pursuant to O.C.G.A § 9-2-61(a), respectfully files this Complaint for Damages and Demand for Trial by Jury, showing the following:

**PARTIES, PROCEDURAL HISTORY, VENUE & JURISDICTION**

1.

On October 22, 2021, Plaintiff Ralph Therisa Merales and Defendant Wal-Mart Stores East, LP stipulated to the dismissal of the above-captioned case, formerly docketed as 2:21-cv-00048-SCJ ("former action"), with the understanding that it would be re-filed in this Court (in an effort to avoid unnecessary removal proceedings) on a later date. The Court so ordered on October 26, 2021.

2.

The former action was valid, with proper service and service of process timely effected and allegations of negligence properly pled.

3.

The former suit was dismissed voluntarily by stipulation of the parties and not on the merits of the case.

4.

Although the original statute of limitations in this case ran on November 30, 2021 (pursuant to O.C.G.A § 9-2-61(a)), Plaintiff is permitted to voluntarily dismiss her case and re-file it within six months of the dismissal just one time after the statute has run. This is Plaintiff's first and only re-filing of the former action.

5.

The only costs associated with this action and the former are the filing fees, which were paid in the previous action and are being paid again contemporaneously with the filing of this Complaint.

6.

Pursuant to O.C.G.A § 9-2-61(a), Plaintiff now recommences this case,

as it is within six months of the formerly referenced dismissal. This is a renewal petition, brought on the same cause of action as the former, but with factual clarifications and updated damages information.

7.

Plaintiff is a resident of the State of Georgia.

8.

Defendant WAL-MART STORES EAST, LP ("Wal-Mart") is a foreign profit corporation with a registered agent for service of process, The Corporation Company, located at 112 North Main Street, Cumming, GA, 30040 in Forsyth County. Defendant may be served at the former address.

9.

Here, Defendant WAL-MART STORES EAST, LP may be served courtesy of its counsel of record, Ms. Jennie Rogers of the law firm McLain & Merritt, PC, at 3445 Peachtree Road, N.E. Suite 500, Atlanta GA 30326.

10.

Venue and Jurisdiction are appropriate in this Court, pursuant to 28 § U.S.C. 1332(a), 28 § U.S.C. 1332(a) and O.C.G.A § 9-2-61(a).

## FACTS

11.

On or about November 30, 2019, Plaintiff was shopping in the Wal-Mart located at the Wal-Mart Supercenter, located at 4725 Ashford Dunwoody Rd., Dunwoody, GA 30338 ("the premises").

12.

As she walked through the produce department near the front of the store, holding the grapes she selected to purchase, she slipped on a puddle of water beneath her, causing her to fall and suffer severe injury and damages.

13.

At all times relevant hereto, there was no warning sign, nor any indication that there was a puddle of water or a spill of any kind in the walkway for patrons, despite multiple employees being nearby prior to the fall who could have seen and remedied the hazardous condition.

14.

At all relevant times hereto, Wal-Mart had actual and/or constructive knowledge of the liquid on the floor which caused Plaintiff to slip and fall.

15.

Despite having ample time to do so, Defendant Wal-Mart failed to identify and remediate the hazard in question, in violation of company and procedure.

16.

At all relevant times, Plaintiff was an invitee of Defendant Wal-Mart.

17.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

## **COUNT I – NEGLIGENCE OF DEFENDANT UNDER THEORY OF PREMISES LIABILITY**

18.

Plaintiff specifically reasserts and incorporates by reference each and every allegation contained in paragraphs 1 – 17 above as fully set forth herein.

19.

At all relevant times, Defendant owed a legal duty under O.C.G.A. § 51-3-1 of reasonable care to invitees to inspect and keep the premises in safe condition.

20.

At all relevant times, Defendant had actual and/or constructive knowledge of the subject liquid on the floor and the hazard it posed on the premises.

21.

At all relevant times, Defendant had superior knowledge to that of Plaintiff of the subject water on the floor and the hazard it posed on the property.

22.

At all relevant times, Defendant negligently failed to remediate a hazard of which it either knew or should have known, failed to disclose this known hazard to invitees, such as Plaintiff, and failed to follow company policies and procedures relating to cleanliness and safety.

23.

Defendant's breach of these duties (i.e., negligence) under O.C.G.A § 51-3-1 proximately caused Plaintiff to suffer severe bodily injury.

24.

Thus, Defendants are liable to Plaintiff under O.C.G.A. §51-3-1.

## COUNT II – ORDINARY NEGLIGENCE

25.

Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 24 above, as if they were restated verbatim.

26.

At all times relevant hereto, Defendant had a duty of reasonable care and a duty to exercise ordinary care for Plaintiff Merales.

27.

Defendant Wal-Mart, by and through its employee(s), either knew or should have known (through the process of reasonable inspection) of the latent danger in question on the subject premises. Therefore, Defendant, individually and by and through its aforementioned employee(s), was negligent in failing to take adequate measures to protect and/or warn Plaintiff Merales against foreseeable harm.

28.

Defendant's acts of ordinary negligence, outlined above and incorporated herein by reference, directly and proximately caused severe physical harm to Plaintiff.

## **COUNT III – VICARIOUS LIABILITY**

29.

Plaintiff re-alleges and incorporates herein by reference Paragraphs 1 through 28 above as if they were restated verbatim.

30.

At all times relevant hereto, Defendant Wal-Mart employed the individuals responsible for performing, and overseeing the performance of, regular and "spot" maintenance and inspection duties.

31.

Defendant Wal-Mart is therefore vicariously liable for the negligence of this/these employee(s) under the doctrine of *respondeat superior*, agency, or apparent agency.

## COUNT IV – EXPENSES OF LITIGATION

32.

Plaintiff specifically reasserts and incorporates by reference each and every allegation contained Paragraphs 1 through 31 above as if fully set forth herein.

33.

Defendant Kroger has acted in bad faith and has caused Plaintiff to suffer unnecessary trouble and expenses. Plaintiff is therefore entitled to recover all expenses of litigation, including attorney's fees and costs, from Defendant, pursuant to O.C.G.A § 13-6-11.

## COUNT V – COMPENSATORY AND PUNITIVE DAMAGES

34.

Plaintiff specifically reasserts and incorporates by reference each and every allegation contained Paragraphs 1 through 33 above as if fully set forth herein.

35.

As a direct and proximate result of the negligent acts of Defendant, including employees and/or agents, for whom Defendant Wal-Mart is vicariously liable, Plaintiff Therisa Merales suffered substantial injuries and damages, including past and future medical expenses, past and future mental and physical pain and suffering, and lost wages.

36.

As a result of the negligence of Defendant, Plaintiff has incurred at least $80,000.00, in medical expenses and lost wages, and will continue to accrue medical expenses beyond this date.

37.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from the Defendant in an amount to be proven at trial.

38.

The wrongful acts, negligent acts and omissions, and breaches of duties of ordinary care by Defendant Wal-Mart, including those committed by employees and/or agent of Defendant, evince such a want of care as to raise the presumption of conscious indifference to the consequences, as defined by O.C.G.A § 51-12-5.1, and to justify an award of punitive and exemplary damages against Defendant to punish, penalize, and/or deter this Defendant and others similarly situated from repeating such egregious conduct in the future.

WHEREFORE, Plaintiff prays:

A. That Process and Summons issue, as provided by law, requiring Defendants to appear and answer Plaintiff's Complaint;

B. That service be had upon Defendant, as provided by law;

C. That Plaintiff be awarded all damages permitted by Georgia law from Defendants, in accordance with the enlightened conscience of an impartial jury, including but not limited to: all general, special, compensatory, economic, punitive and other allowable damages and expenses.

D. Have a trial by jury of twelve as to all issues; and

E. That Plaintiff have such other and further relief as the Court may deem just and proper`

This 21st day of April, 2022.

/s/ Madeline J. Summerville
MADELINE J. SUMMERVILLE
Georgia Bar No. 659365
Summerville Law, LLC
1226 Ponce de Leon Ave NE
Atlanta, GA  30306
317-504-1395
Madeline.j.summerville@gmail.com

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)**

I hereby certify pursuant to Rule 5.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

This 21st day of April, 2021.